UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARVIN JERRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:10-CV-0098 WL |
| | ) | |
| WILLIAM RAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Marvin Jerro, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that after he was arrested and placed in jail as a pretrial detainee he learned that his "landlord William Rainey had stolen all my valuables and placed all that remain[ed] . . . out side on the street." (DE 1 at 3). According to the complaint, Mr. Rainey said that he took some of the property to pay for repairs, and that he removed the rest of the property so he could paint the house and rent it to another tenant.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

The plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law," and if the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961). A landlord renting a private dwelling generally is not "clothed with the authority of state law" and does not "act under color of state law." The facts presented in this action do not suggest that Mr. Rainey acted "under color of state law" when he took Mr. Jerro's valuables for his own use and placed Mr.

Jerro's furniture and other items of his property outside on the street causing that property to be lost or destroyed.

Because Mr. Rainey did not act "under color of state law," Mr. Jerro may not maintain this action against him under § 1983. But that Mr. Jerro has no federal law claim against his former landlord for taking some of his property for his own use and causing other items of property to be lost or destroyed does not mean that he may not pursue state law claims against Mr. Rainey in state court. Accordingly, and the court will explicitly dismiss this case without prejudice to Mr. Jerro's ability to bring his claims in an appropriate state court. If he files a complaint in state court, in order to gain any available benefit from Indiana's savings statute regarding the statute of limitations, Mr. Jerro should state in the body of that complaint that he attempted to file his claims in this court first, thus delaying the filing of his complaint in state court.

For the foregoing reasons, the court DISMISSES the plaintiff's complaint pursuant to 28 U.S.C. §1915A, without prejudice to the plaintiff's right to bring a an action against the defendant in state court.

SO ORDERED.

DATED: March 11, 2010

                                               s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court